IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01660-GPG

HAMILTON BROWN,

    Plaintiff,

v.

ROBERT LUTTI, Honorable,
DEPARTMENT OF COURT RECORDS, ALLEGHENY COUNTY,
JEREMY KOBESKI,
PHELAN, HALLIMAN DIAMOND & JONES,
PENNYMAC MORTGAGE INVESTMENT TRUST,
MICHAEL TRAINOR,
BLANK ROME LLP,
ALLEGHENY COUNTY COURT OF COMMON PLEAS, and
DISCIPLINARY BOARD OF THE STATE OF PENNSYLVANIA SUPREME COURT,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Hamilton Brown, has filed, *pro se*, a Complaint (ECF No. 1) and two Applications to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (ECF Nos. 3, 6).  The documents are not filed on the forms approved by the District Court for the District of Colorado.

On August 5, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because venue over this action does not appear to be proper in the District of Colorado.  As such, Magistrate Judge Gallagher issued an order on August 5, 2015, directing Mr. Brown to show cause, within 30 days, why this action should not be dismissed.  (ECF No. 4).  In response to the August 5 Order to Show Cause, Plaintiff filed an [Amended] Complaint on August 24, 2015.  (ECF

No. 5).

The Court must construe the Complaint liberally because Mr. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Section § 1391(b) of Title 28 United States Code sets forth the rules that govern venue in federal courts.  In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The allegations of the Complaint and the [Amended] Complaint are difficult to decipher and fail to comply with Fed. R. Civ. P. 8.  The Court is able to discern, however, that Plaintiff is challenging a foreclosure action, and possibly a second related civil action, filed against him in the Pennsylvania state courts.  Mr. Brown contends that

the Defendants have discriminated against him because he is "an American Indian," in violation of the 1868 Sioux Treaty of Fort Laramie, and the Fifth and Fourteenth Amendment due process and equal protection clauses.  (ECF No. 1, at 2; ECF No. 5, at 2).  Mr. Brown also attaches documents to the [Amended] Complaint concerning  a Florida state court juvenile proceeding involving a Roshonda Johnson and her child, Marchai Johnson.  Plaintiff seeks monetary relief.

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice."  *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).  Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

There are no allegations in the Complaint to suggest that the Defendants reside in Colorado, or that the acts complained of occurred in the District of Colorado.  Instead, the objectionable conduct appears to have occurred in Pennsylvania, and possibly Florida.  Furthermore, Mr. Brown's pleadings fail to comply with Fed. R. Civ. P. 8 and do not appear to be meritorious.

"There is no obligation to keep meritless claims alive through transfer to another court."  See *Johnson v. Lappin*, No. 11-1381, 478 F. App'x 487, 492 (10th Cir. April 16, 2012) (unpublished) (dismissing habeas claims raised in *Bivens*[1] action as frivolous, instead of transferring claims to appropriate federal venue); *see also Haugh v. Booker*,

---

[1]*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

210 F.3d 1147, 1150-51 (10th Cir. 2000) (authorizing federal court to "take a peek at the merits" to "avoid wasting judicial resources that would result from transferring a case which is clearly doomed.") (internal citation and quotations omitted).  Therefore, this action will be dismissed.

ORDERED that this action is DISMISSED WITHOUT PREJUDICE for improper venue.  It is

FURTHER ORDERED that all pending motions are DENIED as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.     Dated September 1, 2015 at Denver, Colorado.

         BY THE COURT:


           s/Lewis T. Babcock
         LEWIS T. BABCOCK, Senior Judge
         United States District Court